IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| JOHNSON RESIDENTIAL LLC, | CASE NO. 5-22-00412-MJC |
| DEBTOR | CHAPTER 7 |
| JOHN J. MARTIN, CHAPTER 7 TRUSTEE FOR THE ESTATE OF JOHNSON RESIDENTIAL LLC, | |
| MOVANT, | |
| VS. | |
| WAYNE BANK | |
| RESPONDENT. | |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION SEEKING AUTHORITY TO SELL REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES (302, ROUTE 507, TAFTON, PA)**

Upon consideration of the Chapter 7 Trustee's Motion to Sell Real Property of the Estate Free and Clear of Liens and Encumbrances, and after notice to all creditors and parties-in-interest entitled to notice, it is hereby

**ORDERED AND DECREED**

i) That the Motion is hereby **GRANTED**; and

ii) That the Trustee shall be authorized to sell the real property located at located 302 Route 507, Tafton, Pike County, PA 18464, (Tax Map No. 043.03-01-03), as reflected in the deed recorded in Pike County Recorder of Deeds Office at Deed Book 2593 at Page 985 ("Property") to Lords Valley

Association, a <u>non-insider of the Debtor</u>, for the sum of Four Hundred Ninety–Five Thousand Dollars ($495,000.00); and

iii) That the Trustee shall be authorized to execute any and all documents necessary to consummate the subject sale, including a Trustee's Deed on behalf of the Estate, conveying title of the subject property to the buyer and to distribute the sale proceeds as set forth in the Motion; and

iv) That the Trustee shall be authorized to distribute the proceeds as follows:

   a. Any and all costs and expenses incurred by the Bankruptcy Estate in connection with the Sale, including closing costs, Realtor's commission and payment of Trustee's legal fees in the amount of Two Thousand Five Hundred Dollars ($2,500.00);

   b. Any out-of-pocket expenses advanced or incurred by the Trustee in connection with the sale or preservation of the Property, and which have not been reimbursed at the time of settlement and the Trustee's counsel's fees and expenses;

   c. Any transfer tax which is the responsibility of the Seller/Trustee herein;

   d. Any notarization and/or incidental recording fees associated with the sale of the Property;

   e. Payment of any past due real estate taxes and present real estate taxes <u>pro-rated</u> to the date of settlement;

   f. Past due sewer, water and other municipal charges if any and present sewer, water and any other municipal charges, if any, <u>pro-rated</u> to the date of settlement; and

   g. Balance after payment of the above, if any, to the lienholders and creditors in their order of priority according to the United States Bankruptcy Code and applicable state law.

v) The Court finds that the Trustee's sale is being made in "good faith" and this is a Final Order not subject to the fourteen (14) day stay under Bankruptcy Rule 6004(h).

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: April 18, 2022